IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALAFALA KHALAFALA, | No. CIV S-07-0771-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER HYDEN-MYER, | |
| Defendant. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
2  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
3  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
4  must allege with at least some degree of particularity overt acts by specific defendants which
5  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
6  is impossible for the court to conduct the screening required by law when the allegations are
7  vague and conclusory.

8  Plaintiff names as the only defendant Christopher Hyden-Myers, the court-
9  appointed attorney who represented him at his criminal trial.  Plaintiff states that counsel was
10  deficient in a number of ways and seeks $1 million in damages.

11  Plaintiff's claim is not cognizable in a civil rights action under § 1983.  Where a
12  § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations
13  which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence,
14  such a claim is not cognizable under § 1983 unless the conviction or sentence has first been
15  invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v.
16  Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations
17  of procedural defects and a biased hearing officer implied the invalidity of the underlying prison
18  disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983
19  not cognizable because allegations were akin to malicious prosecution action which includes as
20  an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield
21  v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable
22  because allegations of procedural defects were an attempt to challenge substantive result in
23  parole hearing); but see Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable
24  because challenge was to conditions for parole eligibility and not to any particular parole
25  determination).
26  / / /

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, plaintiff's claim necessarily implies the invalidity of his underlying conviction because, if plaintiff's allegations are true, he was denied his Sixth Amendment right to counsel. Plaintiff must first challenge the underlying conviction by way of habeas corpus. In the meantime, the instant complaint must be dismissed without prejudice.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE